## B. G. HILLIARD *v.* J. C. STARK.

APPEAL. *Pauper oath. Non-residents.* The act of 1879, chapter 94
which amends section 4144 of the Code, only deprives non-residents
of the State of the benefit of that section by taking the pauper oath,
and does not otherwise affect the general law as embodied in the
Code, section 3192.

### FROM ROBERTSON.

Appeal from the Chancery Court at Springfield. GEO.
E. SEAY, Ch.

E. A. HICKS, H. C. CRUNK and J. J. TURNER for
complainant.

L. T. COBBS and J. W. JUDD for defendant.

COOPER, J., delivered the opinion of the court.

Bill for a partnership settlement and adjustment of
accounts. On final hearing the chancellor rendered a
decree in favor of the defendant against the complain-
ant for several thousand dollars. The complainant
prayed an appeal to this court, which was granted
upon complainant giving bond according to law, or
taking the pauper's oath on or before the second rule
day thereafter. The defendant then moved the court
to compel the complainant to give bond for the ap-
peal upon the ground that the complainant was then

a non-resident of the State. The action of the court upon the motion is embodied in the decree in these words: "It appearing to the court from the proof that complainant is a non-resident of Tennessee, and a citizen of Florida, the defendant moved the court to compel him to give bond, and not allow him to take the pauper's oath,' which motion the court over-ruled, to which defendant excepts."

Whether an appeal has been properly perfected by giving bond or taking the pauper's oath as required by law is a question for this court, and the appeal may, on motion, be dismissed for non-compliance with the law, notwithstanding the direct action thereon of the court below: *Staub* v. *Williams*, 1 Lea, 36. The defendant is, therefore, entitled, as he has now done, to move this court to dismiss the appeal for want of a bond, if indeed a bond be essential, the complainant having only taken the pauper oath.

By the act of 1821, brought into the Code, section 3192, it was provided that any person might commence an action, except for false imprisonment, malicious prosecution and slander, without giving security, as required by a general law, for the payment of costs and damages, by taking a prescribed oath that, owing to his poverty, he is not able to bear the expenses of the action. An appeal, being in the nature of an action, has always been held to be within the purview of the statute: *Philips* v. *Rudle*, 1 Yer., 121; *Andrews* v. *Page*, 2 Heis., 634. And the right to institute suits

in *forma pauperis* was held to belong to the citizens
of other States, as well as to the citizens of this
State: *Lisenbee* v. *Holt*, 1 Sneed, 42.

In this situation of the law, the Legislature passed
the act of 1879, chapter 94, and it is upon this act
that the motion under consideration is based. The
first section of the act is in these words: "That sec-
tion 4144 of the Code be and the same is hereby
amended so as to exclude all parties from the benefit
of the oath allowing poor persons to sue without giving
security, except resident citizens of the State." The
second section repeals all laws and parts of laws in
conflict with the act. Section 4144 of the Code is
included in the title which treats of proceedings before
justices of the peace in civil actions, and in the chap-
ter of that title treating of the justice's warrant, and
by whom executed. The section reads thus: "Before
issuing process in any civil action, the justice may re-
quire the plaintiff to give security for the prosecution
of the action, or take the oath entitling him to sue
without security." It is merely an express application
of the general law to suits commenced before a justice
of the peace. The act of 1879, chapter 94, is entitled
an act to amend section 4144 of the Code of Ten-
nessee, and says, as we have just seen, that section
4144 of the Code be and the same is hereby amended
so as to exclude all parties from the benefit of the
oath allowing poor persons to sue without giving secu-
rity except resident citizens of the State. The plain

meaning would seem to be that in the cases provided for by section 4144 only citizens of the State should be allowed to take the pauper oath. In other words, the only effect of the act of 1879 is to deprive non-residents of the State of the benefit of suing before a justice of the peace by taking the pauper's oath. In this view, the repealing clause of the statute would repeal so much of the general law of section 3192 of the Code as would enable a non-resident of the State to obtain process in a civil action before a justice by taking the oath therein prescribed.

It is contended, however, that the operative words of the statute are broader than its caption, and were intended to exclude non-residents altogether from the benefits of section 3192, and to require them to give security in all cases. But the first section of the act of 1879 is not in lieu of section 4144. It is not a positive enactment of a general law which would by implication repeal all laws in conflict. Both in its caption and body the act is a mere amendment of section 4144, leaving that section in force except as modified. The section remains precisely as it was, with the addition of a proviso at the end that no non-resident should be allowed to take the pauper oath. Repeals by implication are not favored. And if the Legislature had intended to modify the general law in all cases, it would have amended section 3192 instead of section 4144.

The motion to dismiss must be disallowed.